**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES Y. HERRON,

        Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant - Appellee.

No. 09-16872

D.C. No. 1:07-cv-00623-HG-LEK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, Senior District Judge, Presiding

Submitted December 10, 2010[**]
San Francisco, California

Before: COWEN[***], TASHIMA and SILVERMAN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

James Herron appeals the district court's judgment, which affirmed the Commissioner of Social Security's denial of Disability Insurance Benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

The district court's decision is reviewed de novo, and the Commissioner's decision to deny disability benefits may be set aside if not supported by substantial evidence or based on legal error. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). Herron argues that substantial evidence does not support the ALJ's findings that: (1) his testimony was not entirely credible, and (2) he retained the residual functional capacity to return to his past relevant work as a disaster site consultant. We agree. Substantial evidence does not support the former finding because "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Substantial evidence also does not support the latter finding because the ALJ erroneously failed to take into account the actual physical demands of Herron's past work and compare such demands with Herron's present physical capacity. *See Villa v. Heckler*, 797 F.2d 794, 797-98 (9th Cir. 1986). He also relied solely on the testimony of a vocational expert whose conclusions were based on an overly generalized occupational description and an assumption that Herron's past work was sedentary. *See* Soc. Sec. Rul. No.

82-61 ("[f]inding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable"); *see also Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001).

Herron also claims the ALJ erroneously evaluated the medical evidence in the record, including a residual functional capacity evaluation prepared by Herron's nurse practitioner, the opinion of a State agency medical consultant, and a VA disability ratings determination. We agree. The ALJ improperly discounted the nurse practitioner's evaluation solely on the ground that it was rendered outside Herron's disability period. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988).[1] The ALJ also gave "great weight" to the non-treating State agency consultant's opinion even though the consultant's identity and specialty were unknown and the consultant did not review a substantial portion of the relevant medical evidence, including the records from Herron's treating physicians and nurse practitioner. *See* 20 C.F.R. §§ 404.1527(a)-(e), (f)(2)(ii). Finally, the ALJ

---

[1] Although the evaluation may not have been entitled to controlling weight because a nurse practitioner is not an "acceptable medical source," 20 C.F.R. § 404.1527(d), the ALJ did not invoke that reason in rendering his decision. We therefore cannot approve of the ALJ's treatment of the nurse practitioner's evaluation on that ground. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

failed to give any valid or persuasive reasons for discounting the VA disability ratings determination, which concluded that Herron was 70% disabled due to Buerger's disease as of January 1998. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (ALJ must give "persuasive, specific, valid reasons . . . supported by the record" when giving less than "great weight" to a VA rating).[2]

We reverse and remand to the district court with instructions that it further remand to the Commissioner for a determination of whether, in light of the above conclusions, Herron has the residual functional capacity to perform his past relevant work as actually performed and/or generally performed in the national economy, and if not, whether he can perform other substantial gainful work in the national economy.

REVERSED and REMANDED.

---

[2] Because of our disposition, it is unnecessary to reach Herron's additional contentions that the ALJ erroneously failed to call a medical expert and failed to further develop the record, and whether those contentions have been waived.