**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JEFFREY MEIER,
*Plaintiff-Appellant*,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,
*Defendant-Appellee*.

No. 11-35736

D.C. No.
4:09-cv-00031-
SEH

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 10, 2012[*]

Filed July 23, 2013

Before: William A. Fletcher and Raymond C. Fisher,
Circuit Judges, and James P. Jones, District Judge.[**]

Opinion by Judge Fisher

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

## SUMMARY[***]

### Equal Access to Justice Act / Attorneys' Fees

The panel reversed the district court's order denying a plaintiff's motion for attorneys' fees and costs under the Equal Access to Justice Act, and it remanded for an award of fees and costs.

The panel held that the position of the United States was not substantially justified in this case concerning the plaintiff's application for social security disability benefits. The panel stated that the "position of the United States" includes both the government's litigation position and the underlying agency action giving rise to the civil action. The panel held that in the social security context, the court treats the decision of the administrative law judge as the underlying agency action.

### COUNSEL

John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, Montana, for Plaintiff-Appellant.

Michael C. Cotter, United States Attorney, George F. Darragh, Jr., Assistant United States Attorney, Great Falls, Montana; Dorrelyn K. Dietrich, Special Assistant United States Attorney, Social Security Administration, Office of the General Counsel, Denver, Colorado; John Jay Lee, Regional

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Chief Counsel, Region VIII, Social Security Administration, Office of the General Counsel, Denver, Colorado, for Defendant-Appellee.

## OPINION

FISHER, Circuit Judge:

Jeffrey Meier appeals the district court's order denying his motion for attorney's fees and costs under the Equal Access to Justice Act. We hold that the position of the United States was not substantially justified. We therefore reverse and remand for an award of fees and costs.

## BACKGROUND

Meier applied for social security disability benefits. The administrative law judge (ALJ) denied benefits and the district court affirmed. We reversed and remanded for an award of benefits in an unpublished memorandum disposition, holding that the ALJ (1) failed to offer specific and legitimate reasons, supported by substantial evidence, for rejecting treating physician Dr. Mel Margaris' opinion that Meier was incapable of working, and (2) failed to offer clear and convincing reasons, supported by substantial evidence, for discounting Meier's subjective pain testimony. *See Meier v. Astrue*, 404 F. App'x 150 (9th Cir. 2010).

Meier moved for an award of $14,856.55 in attorney's fees and $805 in costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The district court denied the motion, offering only this brief explanation for the denial of fees:

> No less than 6 separate rulings were issued
> denying benefits before the Ninth Circuit
> Court of Appeals ordered benefits be paid.
> The position of the government in opposing
> the petition for benefits was substantially
> justified.

On appeal, Meier argues that the district court abused its discretion by denying EAJA fees.  We agree.

## STANDARD OF REVIEW

We review the district court's denial of attorney's fees under EAJA for an abuse of discretion.  *See Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).  A district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible or without support in inferences that may be drawn from the facts in the record.  *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

## DISCUSSION

### I.

EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A).[1]  It is the government's burden to show that its position was substantially justified.  *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). Substantial justification means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).  Put differently, the government's position must have a "reasonable basis both in law and fact." *Id.*

The "position of the United States" includes both the government's litigation position and the underlying agency action giving rise to the civil action.  *See, e.g.*, *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010); *Al-Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002) (order); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).  As EAJA provides, "'position of the United States' means, in addition to the position taken by the United States in the civil action, *the action or failure to act by the agency upon which the civil*

---

[1] In full, § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

*action is based*." 28 U.S.C. § 2412(d)(2)(D) (emphasis added).

In the social security context, we have consistently treated the ALJ's decision as the "action or failure to act by the agency upon which the civil action is based," but we have never explained why this is the case. *See, e.g.*, *Hardisty*, 592 F.3d at 1077; *Gutierrez*, 274 F.3d at 1259. In this opinion, we explain the rationale for our longstanding practice.

Treating the ALJ's decision as the underlying agency action may, at first glance, seem unwarranted. In determining whether fees should be awarded, we would most naturally begin by focusing on the behavior of the government when it acted as a *litigator* and when it acted as a *party* whose action or inaction is challenged in the suit. It is less obvious that we should evaluate (and disapprove by the award of fees) the behavior of the government when it acted as an *adjudicator*.

That view does not bear scrutiny, however. First, disregarding the government's conduct as adjudicator runs counter to the EAJA's plain language. In the typical social security case, the civil complaint alleges procedural and substantive errors by the ALJ. The ALJ's decision, therefore, is directly and literally "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). EAJA's plain language thus directs courts to focus on the ALJ's decision.

Second, in the typical case the ALJ's decision represents not only the government's position as adjudicator but also its position as a party. When an ALJ denies an application for social security benefits, the claimant has the option of

appealing that decision to the Appeals Council. *See* 20 C.F.R. § 404.967. If the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner of Social Security. *See* 20 C.F.R. § 404.981; *Shafer v. Astrue*, 518 F.3d 1067, 1068-69 (9th Cir. 2008) ("The Social Security Administration's Appeals Council denied Shafer's request for review of the ALJ's decision, leaving the ALJ's decision to stand as the final decision of the Commissioner."); *cf. Taylor v. Heckler*, 835 F.2d 1037, 1043 n.14 (3d Cir. 1987) ("In this case, the Secretary adopted in total, and defended in the district court, the ALJ's evaluation of Taylor's disability claim. The ALJ's determination that Taylor was not disabled thus became the government's underlying position, one of the two positions of the United States that must be substantially justified if this appeal is to fall within EAJA's exception."). That is precisely what occurred in this case: the Appeals Council denied Meier's request for review, making "the Administrative Law Judge's decision . . . the final decision of the Commissioner of Social Security in [Meier's] case." Notice of Appeals Council Action. Thus, even if it were inappropriate to consider the government's position as adjudicator, we would still review the ALJ's decision because it constitutes not only an adjudication but also the Commissioner's final decision denying benefits.

Finally, even if the ALJ's decision represented only an adjudication and not also the position of the Commissioner, it would still be proper to consider it. EAJA refers to the government's "position" and to the "action or failure to act by the agency," making no distinction between an agency's adjudicative and adversarial acts. 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D). The statute thus covers both types of government conduct, as we previously made clear in the analogous

immigration context in *Thangaraja v. Gonzales*, 428 F.3d 870, 873–74 (9th Cir. 2005).

In *Thangaraja*, the government argued that decisions by the Board of Immigration Appeals (BIA) and immigration judge (IJ) were irrelevant to the EAJA analysis and that the only position that mattered was the Department of Homeland Security's (DHS) defense of the BIA's and IJ's decisions before this court. *See id.* at 873. We rejected that argument, holding that "the 'position of the United States' as defined by EAJA encompasses both the DHS's litigation position and the underlying agency decision rendered by the BIA or an IJ." *Id.* at 874. We said:

> Pursuant to EAJA, the BIA and IJ decisions we review are as much the "position of the United States" as is the DHS's litigation position. The IJ's decision in this case, summarily affirmed without opinion by the BIA, is "the action . . . by the agency upon which the civil action is based," which the statute requires us to consider in determining whether the "position of the United States" was substantially justified.
>
> Moreover, the DHS's analogy to judicial proceedings is misplaced. Both the Executive Office for Immigration Review (EOIR), to which the BIA and the Immigration Court belong, and the DHS are part of the executive branch of the United States government, despite their mutual independence.

*Id.* at 873–74 (alteration in original) (citations omitted). Thus, even if the ALJ's decision were purely adjudicative, it would nonetheless qualify as the position of the United States for purposes of EAJA's substantial justification inquiry.

For each of these reasons, we properly look to decisions of the ALJ to determine whether the government's position in the underlying agency action was substantially justified.

## II.

Applying the substantial justification test here, we first consider the underlying agency action, which, for the reasons we have just explained, is the decision of the ALJ. We then consider the government's litigation position.

### A.  Underlying Agency Conduct

In our memorandum disposition, we held that the ALJ's decision was not supported by substantial evidence. *See Meier*, 404 F. App'x at 151–52. Specifically, the ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Margaris' opinion that Meier was incapable of working. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). We further held that the ALJ failed to offer clear and convincing reasons, supported by substantial evidence, for discounting Meier's subjective pain testimony. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). We accordingly remanded for an award of benefits. In reaching these conclusions, we applied the deferential substantial evidence standard of review. Under this standard, "'[s]ubstantial evidence' means . . . such relevant evidence as a reasonable person might accept as adequate to support a conclusion."

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Given the significant similarity between this standard and the substantial justification standard – "justified to a degree that could satisfy a reasonable person," *Pierce*, 487 U.S. at 565 – this court and other circuits have held that a "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Thangaraja*, 428 F.3d at 874; *see also id.* ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" (quoting *Al-Harbi*, 284 F.3d at 1085)); *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988) (holding that "a lack of substantial evidence indicates, but does not conclusively establish, that the government's position concerning a claim was not substantially justified"). For this reason, and for the reasons stated in our memorandum disposition on the merits, we hold that the government's underlying action was not substantially justified in this case.

## B. Litigation Position

Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified. *See Shafer*, 518 F.3d at 1071 ("The government's position must be substantially justified at each stage of the proceedings." (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)) (internal quotation marks omitted)); *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007) (order) ("[T]he government must show that all of these positions were substantially justified in order to avoid an award of EAJA fees."); *cf.*

*Commissioner, INS v. Jean*, 496 U.S. 154, 159 n.7 (1990) ("[T]he amendment will make clear that the Congressional intent is to provide for attorney fees when an unjustifiable agency action forces litigation, and the agency then tries to avoid such liability by reasonable behavior during the litigation[.]" (first alteration in original) (quoting H.R. Rep. No. 98-992, pp. 9, 13 (1984))). Even if we were to reach the issue, we would conclude that the government's litigation position – defending the ALJ's errors on appeal – lacked the requisite justification. *See Sampson*, 103 F.3d at 922 ("It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not." (quoting *Flores v. Shalala*, 49 F.3d 562, 570 n.11 (9th Cir. 1995)) (internal quotation marks omitted). Although the government proffers a lengthy defense of the ALJ's decision, it largely reiterates arguments that we rejected in the previous appeal. Given the serious flaws in the ALJ's analysis, we are not persuaded that the government reasonably chose to defend the ALJ's decision in this action.

The district court concluded that the government's position was substantially justified because the government prevailed at the administrative and district court levels before losing in this court. Although it was proper for the district court to consider the government's success in the *district court* as part of the EAJA analysis, *see Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002), the court erred by considering the government's success at the *administrative* level. The ALJ's decision was not supported by substantial evidence. That the ALJ agreed with the government, therefore, does not support the conclusion that the government's position was substantially justified.

## CONCLUSION

The order of the district court denying Meier's motion for attorney's fees and costs under EAJA is reversed. The case is remanded for an award of fees and costs.

**REVERSED AND REMANDED.**