**FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

JILL CAMPBELL,
*Plaintiff-Appellant*,

v.

MICHAEL J. ASTRUE,
*Defendant-Appellee.*

No. 11-55486

D.C. No.
5:09-cv-00278-JST-AN

ORDER

Filed November 26, 2013

Before: Kim McLane Wardlaw, Carlos T. Bea,
and N. Randy Smith, Circuit Judges.

Order;
Dissent by Judge Wardlaw

**SUMMARY**[*]

**Attorneys' Fees/Equal Access to Justice Act**

The panel denied appellant's motion for attorneys' fees under the Equal Access to Justice Act and granted appellant's unopposed motion for filing costs in an appeal where the panel had previously reversed the denial of social security disability benefits.

The panel held that the instant case was one of the "unusual" cases where attorneys' fees should not be awarded under the Equal Access to Justice Act because even though there was not enough evidence to uphold a decision to deny benefits, there was enough to find that the government's litigation position was substantially justified.

Dissenting, Judge Wardlaw stated that this court's precedent required that the panel grant appellant's motion for attorney's fees and that neither appellant nor her attorney should be made to bear the burden of the Administrative Law Judge's egregious error in denying benefits, and the government's zealous defense of that error.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

The Appellant's motion for attorneys' fees is **DENIED**. The Appellant's unopposed motion for filing costs in the amount of $805.00 is **GRANTED**.

The Equal Access to Justice Act (EAJA) instructs that this court "shall" grant attorneys fees to a prevailing plaintiff "unless" the government meets its burden to demonstrate that both its litigation position and the agency decision on review were "substantially justified." 28 U.S.C. § 2412(d)(1)(a); *Thangaraja v. Gonzales*, 428 F.3d 870 (9th Cir. 2005). Further, this court has stated that, it "will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Id.* at 874 (internal quotation marks omitted).

The dissent asserts that the case *Meier v. Covin* requires us to award attorneys' fees in this case. In *Meier v. Covin*, an ALJ denied Meier social security benefits and the district court affirmed the ALJ. 727 F.3d 867, 869 (9th Cir. 2013). This court reversed and remanded for an award of benefits in an unpublished memorandum disposition, holding that the ALJ failed to offer specific reasons supported by substantial evidence for rejecting a treating physician's opinion that Meier could not work. *Id.* Meier then moved for attorneys' fees and costs, and the district court denied the motion. *Id.*

This court clarified that in the social security context, "the position of the United States includes both the government's litigation position and the underlying agency action." *Id.* at 870 (internal citations omitted). The court then looked at the decision of the ALJ to determine whether the government's

position in the underlying action was substantially justified. *Id.* at 871. The court noted that its previous memorandum disposition held that the ALJ's decision was not supported by substantial evidence including any specific and legitimate reasons for rejecting the physician's opinion and Meier's testimony. *Id.* at 872. The court then reiterated that holding an "agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified." *Id.* (internal citations omitted). Because the ALJ's decision was not substantially justified, the court held it need not address whether the government's litigation position was substantially justified.

While *Meier* and the instant case are similar, in *Meier*, the claimant relied on his own testimony, and a physician's testimony, that he was *presently* disabled. Here, the ALJ had to determine whether Campbell was disabled in the *past*. In this case, the ALJ had to determine whether Campbell's multiple sclerosis rendered her disabled by June 30, 1996. The ALJ did not have any records from 1996 to examine. Instead, the ALJ had medical records from 1989 and 2000. The ALJ also had to consider circumstantial evidence that Campbell cared for her children and worked during that time, which justified doubts that Campbell was fully disabled. While the ALJ erred in her determination, the fact that she was trying to extrapolate what Campbell's injury may have been in 1996 from other evidence regarding a disease which may worsen at varying rates leads this court to conclude that the ALJ's decision was "substantially justified."

The dissent acknowledges that "in *Meier*, the question was whether the applicant was *presently* disabled, whereas here, the question was whether Campbell was disabled on the last date insured." Dissent at 8. While this circuit has been

clear that when an agency's decision is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified, this circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees.

The difference between examining current medical records to make a decision about a present condition and extrapolating from medical records to make a decision about a past condition distinguishes this case from *Meier*. The instant case is one of the "unusual" cases where attorneys' fees should not be awarded under the EAJA. In this case there was not enough evidence to uphold a decision, but enough to find the government's position was substantially justified.

---

WARDLAW, Circuit Judge, dissenting:

I dissent from the majority's denial of attorney's fees to the prevailing party in this social security disability benefits case. The Equal Access to Justice Act (EAJA) instructs that we "shall" grant attorney's fees to a prevailing plaintiff "unless" the government meets its burden to demonstrate that both its litigation position and the agency decision on review were "substantially justified." 28 U.S.C. § 2412(d)(1)(a); *Thangaraja v. Gonzales*, 428 F.3d 870 (9th Cir. 2005). As the Supreme Court has explained, "Congress enacted EAJA in 1980 'to eliminate the barriers that prohibit . . . individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government.'" *Scarborough v. Principi*, 541 U.S. 401, 406

(2004) (quoting H.R. Rep. No. 96-1005, p. 9) (citation omitted); *see also* Congressional Findings and Purposes, 94 Stat. 2325, note following 5 U.S.C. § 504 ("It is the purpose of this title . . . to diminish the deterrent effect of seeking review of, or defending against, governmental action . . . .") (discussing earlier iteration of the EAJA).

Here, we held that the Administrative Law Judge's (ALJ) conclusion that Campbell had failed to demonstrate that she was disabled as of June 30, 1996, the last date she was insured, failed to survive the extremely deferential "substantial evidence" standard of review. That the agency's decision was not supported by substantial evidence is a "strong indication" that the government's position was not "substantially justified" for purposes of the EAJA. *Thangaraja*, 428 F.3d at 874. As we explained in *Thangaraja*, it "will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Id.* (internal quotation and citation omitted); *cf. Al-Harbi v. INS*, 284 F.3d 1080, 1085 (9th Cir. 2002) (denying attorney's fees under the EAJA in agency action because we *upheld* "the government's central positions," even though we reversed the agency decision on review).

This is not such an unusual case. In the circumstances here, where Campbell undisputedly had multiple sclerosis, which was undisputedly capable of producing the symptoms she reported, the law required the ALJ to credit Campbell's testimony about those symptoms unless there was some evidence of "malingering" or clear and convincing evidence contradicting her statements. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). This law was clearly established

well before Campbell's proceedings began, and it is straightforwardly applicable here. As even the state's doctor agreed, there is no evidence that Campbell was a malingerer, and the ALJ did not so find. Accordingly, the ALJ should have credited Campbell's testimony unless there was clear and convincing evidence to the contrary. As we unanimously concluded, there was none.

When the ALJ asked Campbell to describe her symptoms "between 1995 and 1996," Campbell testified that in addition to her generally progressive symptoms, she experienced eight to ten "exacerbations" per year, each lasting up to two weeks, during which her fatigue and weakness worsened. She testified that it was difficult to get out of bed; that at times, she had to crawl to reach the bathroom; that she was unable to walk without support and "scooted on her butt" to go down stairs; that she was unable to perform tasks like making her bed, vacuuming, sweeping, mopping, or even holding a pen; and that she stopped curling her hair because it required "too much energy." The ALJ rejected not only this testimony, but also that of Campbell's treating and examining physicians whose medical opinions supported Campbell's testimony because a third non-treating doctor, the state's witness, said that he was unsure when Campbell became fully disabled, despite his stated opinion that Campbell was likely fully disabled as of "sometime between '95 and '98," a range which obviously *includes*, and does not exclude, the date of June 30, 1996. In other words, *not a single physician* contradicted Campbell's description of her disability as of her last date insured. When the ALJ presented a vocational specialist with a hypothetical incorporating just six periods of exacerbation, not the actual eight to ten periods Campbell experienced in 1995 and 1996, the specialist unequivocally stated that a person experiencing such symptoms would be

unable to perform work in the national economy. The Commissioner was not "substantially justified" in failing to apply the clearly established law that compelled the result we reached in this case. 28 U.S.C. § 2412(d)(1)(a). Nor was the government justified in defending the agency's erroneous decision through multiple stages of litigation at taxpayer expense.

That the ALJ's decision was not substantially justified is further underscored by our recent opinion in *Meier v. Colvin*, 727 F.3d 867 (9th Cir. 2013), where we held that a district court abused its discretion by denying attorney's fees under the EAJA in remarkably analogous circumstances. There, as here, the panel had previously issued an unpublished disposition reversing the district court's decision affirming an ALJ's denial of social security benefits. There, an ALJ improperly rejected a Social Security applicant's testimony regarding his subjective pain symptoms without clear and convincing reasons. The main difference between the two appeals is that in *Meier*, the question was whether the applicant was *presently* disabled, whereas here, the question was whether Campbell was disabled on the last date insured. I disagree with my colleagues that this difference bears on whether the ALJ's decision was substantially justified, where all the testimonial evidence, including that of the state's doctor, whose testimony was credited by the ALJ, supported Campbell's claim of disability as of the date last insured. Moreover, the government and Campbell entered into a Joint Stipulation in which the government *agreed* that Campbell was "affirmatively diagnosed with multiple sclerosis ('MS') in 1989" after experiencing symptoms for years prior, and that the lack of medical records between the years 1989 and 2000 was "due to her lack of medical insurance." That Campbell did not have records for 1996, presumably because

she could not afford to pay medical bills, does not substantially justify the government's litigation position; indeed, it turns the safety net intended to be created by the provision of disability benefits on its head. When we ruled in Campbell's favor, we concluded that there were *no* clear and convincing reasons not to credit Campbell's testimony, so the ALJ should have credited it. *See Smolen*, 80 F.3d at 1281. We concluded that the ALJ acted improperly by rejecting Campbell's testimony about the frequency and duration of her exacerbations. We found that had the ALJ properly credited Campbell's testimony, he would have had to find that her MS rendered her disabled as of June 30, 1996.

Our precedent requires us to grant Campbell's motion for attorney's fees under these circumstances. Moreover, neither Campbell nor her attorney should be made to bear the burden of the ALJ's egregious error, and the government's zealous defense of it. Congress enacted the EAJA to prevent precisely such outcomes.