ORDER
The Appellant’s motion for attorneys’ fees is DENIED. The Appellant’s unopposed motion for filing costs in the amount of $805.00 is GRANTED.
The Equal Access to Justice Act (EAJA) instructs that this court “shall” grant attorneys fees to a prevailing plaintiff “unless” the government meets its burden to demonstrate that both its litigation position and the agency decision on review were “substantially justified.” 28 U.S.C. § 2412(d)(1)(a); Thangaraja v. Gonzales, 428 F.3d 870 (9th Cir.2005). Further, this court has stated that, it “will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency’s decision was reversed as lacking in reasonable, substantial and probative evidence in the record.” Id. at 874 (internal quotation marks omitted).
The dissent asserts that the case Meier v. Colvin requires us to award attorneys’ fees in this case. In Meier v. Colvin, an ALJ denied Meier social security benefits and the district court affirmed the ALJ. 727 F.3d 867, 869 (9th Cir.2013). This court reversed and remanded for an award of benefits in an unpublished memorandum disposition, holding that the ALJ failed to offer specific reasons supported by substantial evidence for rejecting a treating physician’s opinion that Meier could not work. Id. Meier then moved for attorneys’ fees and costs, and the district court denied the motion. Id.
This court clarified that in the social security context, “the position of the United States includes both the government’s litigation position and the underlying agency action.” Id. at 870 (internal citations omitted). The court then looked at the decision of the ALJ to determine whether the government’s position in the underlying action was substantially justified. Id. at 871. The court noted that its previous memorandum disposition held that the ALJ’s decision was not supported by substantial evidence including any specific and legitimate reasons for rejecting the physician’s opinion and Meier’s testimony. Id. at 872. The court then reiterated that holding an “agency’s decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified.” Id. (internal citations omitted). Because the ALJ’s decision was not substantially justified, the court held it need not address whether the government’s litigation position was substantially justified.
While Meier and the instant case are similar, in Meier, the claimant relied on his own testimony, and a physician’s testimony, that he was presently disabled. Here, the ALJ had to determine whether Campbell was disabled in the past. In this case, the ALJ had to determine whether Campbell’s multiple sclerosis rendered her disabled by June 30, 1996. The ALJ did not have any records from 1996 to examine. Instead, the ALJ had medical records from 1989 and 2000. The ALJ also had to consider circumstantial evidence that Campbell cared for her children and worked during that time, which justified doubts that Campbell was fully disabled. While the ALJ erred in her determination, the fact that she was trying to extrapolate *869 what Campbell’s injury may have been in 1996 from other evidence regarding a disease which may worsen at varying rates leads this court to conclude that the ALJ’s decision was “substantially justified.”
The dissent acknowledges that “in Meier, the question was whether the applicant was presently disabled, whereas here, the question was whether Campbell was disabled on the last date insured.” Dissent at 870. While this circuit has been clear that when an agency’s decision is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified, this circuit has never stated that every time this court reverses and remands the ALJ’s decision for lack of substantial evidence the claimant should be awarded attorney’s fees.
The difference between examining current medical records to make a decision about a present condition and extrapolating from medical records to make a decision about a past condition distinguishes this case from Meier. The instant case is one of the “unusual” cases where attorneys’ fees should not be awarded under the EAJA. In this case there was not enough evidence to uphold a decision, but enough to find the government’s position was substantially justified.