**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHA YANG, | No. 13-15825 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01495-SAB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Submitted December 9, 2013[**]

Before: THOMAS, FISHER and IKUTA, Circuit Judges.

Cha Yang appeals the district court's order denying his motion for attorney's

fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).

We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The government's litigating position was the same as the ALJ's decision, so the district court did not err by failing to separately analyze the position of the ALJ.

The district court did not abuse its discretion in concluding that the ALJ's decision, though in error, was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 869-70 (9th Cir. 2013). The panel was divided as to whether Dr. Mouanoutoua's evaluation should have been discounted based on evidence of malingering or other "clear and convincing" reasons for finding Yang not credible. *See Cha Yang v. Comm'r of Soc. Sec. Admin.*, 488 F. App'x 203 (9th Cir. 2012). The majority held that the ALJ's malingering finding was not supported by substantial evidence and that the ALJ's other reasons for discounting Yang's credibility, although "potentially legitimate," were not articulated with sufficient specificity to allow for meaningful judicial review. *Id.* at 205-06; *see Benton ex. el. Benton v. Barnhart*, 331 F.3d 1030, 1040-41 (9th Cir. 2003). We therefore remanded for "further findings evaluating the credibility of Yang's complaints." *Yang*, 488 F. App'x at 206. The district court carefully reviewed this record, and appropriately weighed the disagreement among the panel members, in determining that the government's position was substantially justified. *See Meier*, 727 F.3d at 873; *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 619 (9th Cir. 2005).

2

Each side shall bear its own costs on appeal.

**AFFIRMED.**