**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES Y. HERRON,

    Plaintiff - Appellant,

 v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

    Defendant - Appellee.

No. 12-16675

D.C. No. 1:07-cv-00623-HG-BMK

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Argued and Submitted October 7, 2014
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

 Social Security benefits claimant, James Y. Herron, appeals the district

court's denial of his application for attorney's fees under the Equal Access to

Justice Act (EAJA), 28 U.S.C. § 2412(a)(1). We reverse and remand.

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review a district court's denial of attorney's fees under the EAJA for abuse of discretion. *See Pierce v. Underwood,* 487 U.S. 552, 559 (1988); *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998). The district court abuses its discretion when its "decision is based on an erroneous conclusion of law or when the record contains no evidence on which it rationally could have based that decision." *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988) (internal quotation marks and alteration omitted).

Attorney's fees "shall" be granted under the EAJA to a prevailing plaintiff "unless" the government meets its burden to demonstrate that both (a) its litigation position and (b) the agency decision on review were "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). There is no dispute that Herron prevailed on the merits of the case. Therefore, we determine whether the government met its burden with respect to each procedural issue on which the claimant prevailed, rather than focusing on the post-remand proceedings concerning the ultimate issue of disability. *See Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995).

Previously, in the merits decision, we reversed the ALJ's denial of benefits. We concluded that substantial evidence did not support the ALJ's decision with regard to (1) credibility, (2) medical evidence supporting the ALJ's residual

functional capacity (RFC), and (3) past relevant work. *Herron v. Astrue*, 407 F. App'x 139, 140-41 (9th Cir. 2010). Reviewing each issue to determine whether the Commissioner met its burden, we find the Commissioner did not.

1. The ALJ failed to articulate his reasoning for his credibility decision. Where, as here, the ALJ failed to "offer clear and convincing reasons, supported by substantial evidence, for discounting" Herron's testimony, then the agency decision was not substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). Given this determination, we need not address whether the Commissioner's litigation position was substantially justified. *Id.*

2. The ALJ erroneously assessed the medical evidence in the record. The ALJ erred in disregarding some medical evidence on the sole basis that it was outside of the disability period. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). The ALJ erred in giving great weight to the state agency's medical consultation report without taking into account the factors identified in 20 C.F.R. § 404.1527(e)(2)(ii), including the consultant's specialty and expertise. Given these failures to comply with the law and regulations, the ALJ's decision lacked

substantial justification.[1] *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259-60 (9th Cir. 2001). Given this determination, we need not address whether the Commissioner's litigation position was substantially justified. *Meier*, 727 F.3d at 872.

3. The ALJ's cumulative legal errors regarding Herron's credibility and medical evidence precluded the ALJ from properly assessing Herron's limitations during the insured period and whether he could perform his past work. Relying on an inappropriate RFC assessment, the ALJ was unable to accurately present a hypothetical to the vocational expert in order to determine whether Herron could perform his past work as set forth in SSR 82-61. Given this determination, we need not address whether the Commissioner's litigation position was substantially justified. *Meier*, 727 F.3d at 872. On the basis of these errors, we hold that the government's position "at [this] stage of the proceedings" was not substantially justified. *Id*.

Thus, we reverse the district court's denial of attorneys fees under 28 U.S.C. § 2412(d)(1)(A).

**REVERSED AND REMANDED.**

---

[1] Because the ALJ committed legal error in assessing Herron's RFC, we need not decide whether the Commissioner was justified in defending the ALJ's decision regarding the VA disability rating.