UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMIE LEON MARTIN, | No. 13-15619 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01017-CMK<br>Eastern District of California,<br>Sacramento |
| v. | |
| COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION, | ORDER |
| Defendant - Appellee. | |

Before:     THOMAS, Chief Judge, D. NELSON, and LEAVY, Circuit Judges.

The memorandum disposition filed on September 5, 2014, is hereby amended.  The attached amended memorandum disposition is filed concurrently with this order.

With these amendments, the panel has voted to deny the petition for panel rehearing.

The petition for panel rehearing is DENIED.  No future petitions shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



JIMMIE LEON MARTIN,

              Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant - Appellee.

No. 13-15619

D.C. No. 2:09-cv-01017-CMK

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted August 18, 2014[**]

Before:     THOMAS, Chief Judge, D. NELSON, and LEAVY, Circuit Judges.

Jimmie Leon Martin appeals the district court's order denying his motion for

attorneys' fees under the Equal Access to Justice Act ("EAJA"). We have

jurisdiction under 28 U.S.C. § 1291. We review the district court's order denying

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion for attorneys' fees under EAJA for an abuse of discretion.  *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).   We reverse and remand.

EAJA provides that in a Social Security case, a court shall award attorneys' fees to a prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *Tobeler*, 749 F.3d at 832.  The government must demonstrate that both its litigation position and the agency decision on review (that is, the administrative law judge's decision) were substantially justified.  *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (order).

Martin sought attorneys' fees after this court issued a memorandum disposition reversing in part the district court's summary judgment and remanding with instructions for the district court to remand to the Commissioner.  In Martin's prior appeal, we concluded that the ALJ "erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated [an examining physician's] opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."  *Martin v. Comm'r of Soc. Sec. Admin.*, 472 Fed. App'x 580, 580 (9th Cir. 2012).  We thus held that the ALJ's decision was not supported by substantial evidence.  *See Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013)

2

(holding that ALJ makes decision not supported by substantial evidence when he fails to offer specific and legitimate reasons for rejecting a physician's opinion); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (holding that an ALJ makes a decision not supported by substantial evidence when he formulates RFC that fails to take into account claimant's limitations). Because the ALJ failed to provide specific and legitimate reasons for rejecting the examining physician's opinion and the RFC failed to incorporate this physician's four-hour standing and walking limitation, the ALJ's decision was not substantially justified. *See Shafer v. Astrue*, 518 F.3d 1067, 1069-72 (9th Cir. 2008) (reversing the district court's denial of EAJA fees where the ALJ erred in rejecting, without explanation, a non-examining doctor's opinion, in contravention of governing regulations requiring ALJ to evaluate every medical opinion received); *see also Meier*, 727 F.3d at 872 ("[A] holding that the agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified.") (internal quotation marks, ellipses, and citation omitted). This case is not one of those "decidedly unusual" cases in which there is substantial justification under EAJA even though the agency's decision was reversed for a lack of substantial evidence. *See id.* We therefore reverse the district court's order and remand for an award of fees and costs.

**REVERSED and REMANDED.**

3