FILED

**NOT FOR PUBLICATION**

JUL 27 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARAH M. BLAIR, | No. 13-35717 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01118-BAT |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted June 4, 2015
Seattle, Washington

Before: O'SCANNLAIN, EBEL**, and McKEOWN, Circuit Judges.

Sarah Blair appeals from the district court's order reducing her attorneys'

fees and costs award under the Equal Access to Justice Act ("EAJA"). Blair claims

that the district court erred by (1) making multiple substantial justification

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable David M. Ebel, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

determinations, (2) concluding that her claims were unrelated, (3) finding that she did not obtain an excellent result, and (4) failing to explain its fees award sufficiently.

## I

In order to recover attorneys' fees under the EAJA, a plaintiff must establish her eligibility by demonstrating, *inter alia*, that the government was not "substantially justified" in the positions it took on the merits litigation. 28 U.S.C. § 2412(d)(1)(A). "[T]he 'substantial justification' requirement is a *single* finding that operates as a threshold for determining EAJA eligibility." *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (emphasis added). Because "[a] district court abuses its discretion when it fails to apply the correct legal rule," *Meier v. Colvin*, 727 F.3d 867, 869–70 (9th Cir. 2013), the district court abused its discretion in making *separate* substantial justification determinations for *each* of the issues Blair raised on appeal.

The district court also misapplied step one of the *Hensley v. Eckerhart*, 461 U.S. 424 (1983), reasonableness analysis. "[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990). First, the district court

must determine if the "plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded[.]" *Hensley*, 461 U.S. at 434. In our circuit, "[c]laims are *unrelated* if the successful and unsuccessful claims are 'distinctly different' *both* legally *and* factually." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (internal quotation marks omitted); *see also Hensley*, 461 U.S. at 435 ("It may well be that cases involving [ ] unrelated claims are unlikely to arise with great frequency."). Blair's claims were factually related because the district court was tasked with reviewing a unitary administrative record for deficiencies. The claims were also legally related, since all of the district court's evidentiary assessments related to the single legal determination of whether Blair was disabled for purposes of her Supplemental Security Income and Disability Insurance Benefits applications. The district court thus abused its discretion in concluding that the claims were unrelated. *See Meier*, 727 F.3d at 869–70.

Despite the district court's errors at the substantial justification and *Hensley* step one inquiries, we may affirm if such errors "[did] not affect [Blair's] substantial rights." Fed. R. Civ. P. 61. After assessing the relatedness of a plaintiff's claims, "the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Dang*, 422 F.3d at

813 (internal quotation marks omitted). "[T]he most critical factor is the degree of success obtained," and the "district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 436–37. The district court explained in detail its conclusion that Blair did not achieve an excellent result warranting a fully compensatory fees award. The court noted that Blair did not receive an award of benefits, as requested, and that the "Court's Order limited the scope of remand" to reassessing several consultants' positions regarding Blair's "ability to persist and handle workplace stress." Thus, with respect to the second step of the *Hensley* reasonableness inquiry, the district court did not abuse its discretion by reducing Blair's fees based on her limited success. *See Thomas v. City of Tacoma*, 410 F.3d 644, 649–50 (9th Cir. 2005) ("The bulk of discretion retained by the district court lies in the second, significance of relief, inquiry," and district courts have "discretion to determine whether [the outcome] supports [p]laintiff's fee request.").

In light of the court's adequate degree-of-success analysis, the district court's substantial justification and claim relatedness errors "[did] not affect [Blair's] substantial rights." Fed. R. Civ. P. 61. The parties do not dispute that Blair was eligible for EAJA fees. Therefore, the district court's multiple substantial justification determinations did not prejudice the court's conclusion that

4

Blair was eligible for fees. Further, because *Hensley*'s degree-of-success and unrelated-claims inquiries provide independent grounds for reducing fees awards, *see Hensley*, 461 U.S. at 436, the district court's erroneous application of *Hensley*'s first step was harmless.

As to the district court's explanation for its fees award, the court's implicit acceptance of the undisputed $184.32 hourly rate and its degree-of-success explanation for reducing Blair's award to approximately 75 percent of the requested amount was sufficiently specific "to permit an appellate court to determine whether the district court abused its discretion in the way the analysis was undertaken." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). Accordingly, we affirm the district court's decision reducing Blair's fees award for the merits litigation.

## II

With respect to her fees-on-fees request, the district court reduced Blair's award from $737.28 to $220.00, asserting only that such an award was "roughly commensurate with the degree of success obtained Ms. Blair achieved [sic] in her initial EAJA fee motion." However, this 70 percent reduction is not "roughly commensurate" to the court's 25 percent reduction of Blair's fees award for the merits litigation, and the district court did not otherwise explain its analysis of

5

Blair's success on the EAJA motion. Thus, the district court abused its discretion in reducing Blair's fees-on-fees award, and "we have no choice but to remand the case to the district court to permit it to make the necessary calculations and provide the necessary explanations." *McCown*, 565 F.3d at 1102.

**AFFIRMED in part, REVERSED in part, and REMANDED.**[1]

---

[1] Each party shall bear its own costs on appeal.