NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEONARD CARTER,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

Defendant-Appellee.

No. 15-35090

D.C. No. 2:14-cv-00158-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted January 4, 2017[**]

Before:     GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Leonard Carter appeals the district court's order denying his motion for

attorneys' fees under the Equal Access to Justice Act ("EAJA") in his action for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

judicial review of the Commissioner of Social Security's denial of his application for supplemental security income under Titles II and XVI of the Social Security Act. Carter sought attorneys' fees after the district court reversed the Commissioner's decision and remanded the case for further proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Meier v. Colvin*, 727 F.3d 867, 869 (9th Cir. 2013). We reverse.

Carter is entitled to attorneys' fees under the EAJA because the agency decision on review was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A) (in a Social Security case, a court shall award attorneys' fees to a prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust"); *Meier*, 727 F.3d at 870 ("The 'position of the United States' includes both the government's litigation position and the underlying agency action[.]"; to be substantially justified, "the government's position must have a reasonable basis both in law and fact" (citation and internal quotation marks omitted)). The ALJ's decision to reject the opinions of Dr. James Hopfenbeck, Carter's treating physician, and Dr. James Czysz, an examining physician, was based on record evidence tending to show that Carter's cognitive abilities were intact, but that

evidence is not inconsistent with Drs. Hopfenbeck's and Czysz's opinions that Carter's ability to work is severely limited by paranoid delusions arising from a personality disorder. *See id.* at 872 (attorneys' fees were appropriate where the ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for rejecting a treating physician's opinion that the claimant was incapable of working). Although the Commissioner argues that Carter's community college grades demonstrate Carter's ability to work with others, the ALJ discussed Carter's grades only in the context of his cognitive abilities. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (we review the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

**REVERSED.**

15-35090