**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GAIL E. CRAIG, | No. 16-36052 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-05469-RBL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted March 21, 2018
San Francisco, California

Before: GRABER, BERZON, and MURGUIA, Circuit Judges.

Gail E. Craig appeals the district court's order denying his motion for

attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412(d), which he filed after prevailing in his social security appeal. We

previously reversed and remanded the district court's affirmance of the

administrative law judge's ("ALJ") denial of Craig's application for Supplemental

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Security Income ("SSI") benefits because substantial evidence in the record did not support the ALJ's decision to reject two medical experts' opinions, and the ALJ gave no legitimate reasons to distinguish their opinions from a third doctor's opinion. In considering Craig's attorney's fees motion, the district court found the Commissioner of Social Security's ("Commissioner") position in denying Craig's application for SSI benefits substantially justified and denied Craig's attorney's fees motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's denial of attorney's fees pursuant to the EAJA for abuse of discretion, and we reverse and remand for the district court to award attorney's fees. *See Meier v. Colvin*, 727 F.3d 867, 869 (9th Cir. 2013).

The district court abused its discretion in denying Craig's motion for attorney's fees because it misapplied the legal standard used to determine whether the Commissioner's position was substantially justified. *See id.* at 869–70. Specifically, the district court failed to address on the merits why the Commissioner's underlying position—the ALJ's decision denying Craig's application for SSI benefits—was substantially justified, as this court's precedents direct. *See id.* at 870–72 (explaining that this court looks "to decisions of the ALJ to determine whether the government's position in the underlying agency action was substantially justified"). This court's caselaw makes clear that where substantial evidence does not support an ALJ's decision, it is the "decidedly

2

unusual case" in which substantial justification, within the meaning of the EAJA, exists. *See id.* at 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)).

Here, the district court did not address how or why Craig's case is the "decidedly unusual case," even though we previously determined that substantial evidence in the record does not support the ALJ's decision to reject the opinions of two examining mental health experts. *See id.*(explaining that where substantial evidence does not support an ALJ's decision to discount a medical expert's opinion is a "strong indication" that the government's position is not substantially justified) (internal quotation marks omitted)). Therefore, because the district court did not acknowledge that the Commissioner's position consists of two components—the ALJ's underlying decision and the Commissioner's litigation position—and failed to explain why it believed Craig's case constitutes the "decidedly unusual case," the district court abused its discretion by failing to conduct the proper analysis. *See id.*; *see also Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).

Moreover, because we conclude that the Commissioner's underlying position was not substantially justified because Craig's case is not the "decidedly unusual case," we need not reach the question whether the government's litigation position was justified. *Cf. Campbell v. Astrue*, 736 F.3d 867, 868–69 (9th Cir.

2013) (order) (holding that *Campbell* constituted the "unusual case" because, while the ALJ erred in her ultimate disability determination, the ALJ was substantially justified in relying on medical records from 1989 and 2000 to make a disability determination about whether Campbell was disabled in 1996 because no medical records from 1996 existed); *Meier*, 727 F.3d at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified"); *see also Tobeler*, 749 F.3d at 834 ("Because the government's *underlying* position was not substantially justified, we award [attorney's] fees [pursuant to the EAJA], even if the government's *litigation* position may have been justified.").

**REVERSED AND REMANDED**.

FILED

JUN 04 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Craig v. Berryhill, No. 16-36052

GRABER, Circuit Judge, concurring:

I concur but write separately to point out an anomaly that has crept into our social security jurisprudence.

In some EAJA cases, we have cited the Supreme Court's holding that, in deciding whether the government's position is substantially justified (and thereby deciding whether to award fees to the prevailing plaintiff), we should "treat[] a case as an inclusive whole, rather than as atomized line items." Comm'r, INS v. Jean, 496 U.S. 154, 161–62 (1990). We cited and applied that principle, for example, in Al-Harbi v. INS, 284 F.3d 1080, 1084–85 (9th Cir. 2002) (order), and in Ibrahim v. U.S. Department of Homeland Security, 835 F.3d 1048, 1054–55 (9th Cir. 2016), in which en banc proceedings are ongoing, reh'g en banc granted, 878 F.3d 703 (9th Cir. Dec. 29, 2017) (argued Mar. 20, 2018).

But in Tobeler v. Colvin, 749 F.3d 830, 834–35 (9th Cir. 2014), we held that the court may consider only whether the government's position on the sole issue that led to remand was substantially justified. In my view, Tobeler and the cases it cited in support of that proposition are wrongly decided on that point. We should correct that error. Were we free to apply the Jean standard here, in my view fees would not be awardable.