**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN BERTRAND CLOSE, | No. 21-35077 |
| Plaintiff-Appellant, | D.C. No. 6:19-cv-00557-MK |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Submitted June 8, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Steven Close appeals from the district court's denial of fees under the Equal

Access to Justice Act (EAJA). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review a district court's denial of EAJA attorneys' fees for an abuse of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discretion. *See Meier v. Colvin*, 727 F.3d 867, 869 (9th Cir. 2013). We affirm.

The district court did not abuse its discretion in concluding that the government's litigation position and pre-litigation conduct were substantially justified. Under 20 C.F.R. § 404.1563(b), an ALJ is not required to make express findings or to otherwise explain its consideration of a claimant's borderline age. *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1070, 1073 (9th Cir. 2010). To the extent that internal agency interpretations of 20 C.F.R. § 404.1563(b) require more, these interpretations are not binding. *See id.* at 1072–73; *Moore v. Apfel*, 216 F.3d 864, 869 & n.2 (9th Cir. 2000). Therefore, the government's position was substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988) (holding that substantial justification is met where "a reasonable person could think [the government's position] correct, that is, if it has a reasonable basis in law and fact").

**AFFIRMED.**