**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMIE LEON MARTIN, | No. 10-17674 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01017-CMK |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted February 14, 2012**
San Francisco, California

Before: THOMAS, FISHER, and IKUTA, Circuit Judges.

The administrative law judge (ALJ) erred when formulating Martin's

residual functional capacity (RFC) because the RFC neither incorporated Dr.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). The limitations assessed by Dr. Steiner were potentially inconsistent with the ALJ's determination that Martin could engage in "light work." *See* 20 C.F.R. § 404.1567(b); *see also* SSR 83-10. As a result, the VE's testimony based on the flawed RFC had no evidentiary value. *See Embrey v. Bowen*, 849 F.2d 418, 422–23 (9th Cir. 1988). In evaluating Martin's RFC on remand, the ALJ should address Dr. Steiner's opinion.

The ALJ did not err in discrediting Martin's testimony as to the severity of Martin's pain. The ALJ provided "specific, clear and convincing" reasons and cited multiple portions of the record that were inconsistent with assertions of total disability. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). These reasons were also germane to discredit the testimony of Martin's wife, *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009), but because the ALJ did not specifically comment on this testimony, the ALJ should do so on remand.

The district court shall remand this case to the Commissioner for proceedings consistent with this memorandum disposition. The parties shall bear their own costs on appeal.

**AFFIRMED** in part; **REVERSED** in part; and **REMANDED.**