**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMIE LEON MARTIN,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant - Appellee. | No. 13-15619<br><br>D.C. No. 2:09-cv-01017-CMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted August 18, 2014[**]

Before:     D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

Jimmie Leon Martin appeals the district court's order denying his motion for

attorneys' fees under the Equal Access to Justice Act ("EAJA"). We have

jurisdiction under 28 U.S.C. § 1291. We review the district court's order denying

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion for attorneys' fees under EAJA for an abuse of discretion. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). We reverse and remand.

EAJA provides that in a Social Security case, a court shall award attorneys' fees to a prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Tobeler*, 749 F.3d at 832. The government must demonstrate that both its litigation position and the agency decision on review (that is, the administrative law judge's decision) were substantially justified. *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (order).

Martin sought attorneys' fees after this court issued a memorandum disposition reversing in part the district court's summary judgment and remanding with instructions for the district court to remand to the Commissioner. In Martin's prior appeal, we concluded that the ALJ "erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated [an examining physician's] opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it." *Martin v. Comm'r of Soc. Sec. Admin.*, 472 Fed. App'x 580, 580 (9th Cir. 2012). We thus held that the ALJ's decision was not supported by substantial evidence. *See Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2012)

2

(holding that ALJ makes decision not supported by substantial evidence when he fails to offer specific and legitimate reasons for rejecting a physician's opinion); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (holding that ALJ makes decision not supported by substantial evidence when he formulates RFC that fails to take into account claimant's limitations). Because the ALJ's decision was not supported by substantial evidence, it was not substantially justified. *See Meier*, 727 F.3d at 869. We therefore reverse the district court's order and remand for an award of fees and costs.

**REVERSED and REMANDED.**