**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILLIE SHAW,

        Plaintiff-Appellant,

  v.

OFFICE OF NAVAJO AND HOPI INDIAN
RELOCATION, an Administrative Agency
of the United States,

        Defendant-Appellee.

No.   22-16168

D.C. No. 3:19-cv-08238-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted May 18, 2023
Phoenix, Arizona

Before: NGUYEN and COLLINS, Circuit Judges, and KORMAN,[**] District
Judge.

     Millie Shaw filed a motion for attorneys' fees pursuant to the Equal Access

to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  Shaw previously prevailed

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

1

before this court in her appeal challenging a denial of relocation benefits under the Navajo-Hopi Land Settlement Act, Pub. L. No. 93-531, 88 Stat. 1712 (1974). *See Shaw v. Off. of Navajo & Hopi Indian Relocation*, 860 F. App'x 493 (9th Cir. 2021). Our prior decision held that the Office of Navajo and Hopi Indian Relocation's ("ONHIR") denial of benefits lacked a basis in substantial evidence. *Id.* at 495. We remanded for an award of benefits. *Id.* Shaw argues in this appeal that the district court abused its discretion on remand in finding that, despite ONHIR's error, the agency's position was substantially justified and it therefore had no obligation to pay for Shaw's legal fees. We affirm.

Under the EAJA, a prevailing party such as Shaw is not entitled to fees if the position of the United States was substantially justified in that it had "a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). Contrary to Shaw's argument, the district court applied the correct standard. Its conclusion that Shaw's claim was "subject to reasonable debate" closely tracks *Pierce*'s explanation that a position is substantially justified "if a reasonable person could think it correct." *Id.*

Nor did the district court abuse its discretion in denying Shaw's request for attorneys' fees under EAJA. We consider the reasonableness of the underlying agency action, and the reasonableness of the Government's defense of that action in federal court, "as a whole" for EAJA purposes. *Ibrahim v. U.S. Dep't of*

2

*Homeland Sec.*, 912 F.3d 1147, 1166 (9th Cir. 2019) (en banc). Although the position of the United States will generally lack substantial justification under EAJA where the underlying agency action lacks support in substantial evidence, *see Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013), that is not always the case. Where the substantial evidence question is *itself* sufficiently close, the position of the United States—represented in both the underlying agency decision, and the Government's reasonable defense of that agency decision under the highly deferential standards of substantial evidence review—may be substantially justified for EAJA purposes even where a panel of this court ultimately deems the agency decision unsupported by substantial evidence. *See Campbell v. Astrue*, 736 F.3d 867, 868–69 (9th Cir. 2013); *Al-Harbi v. INS*, 284 F.3d 1080, 1085 (9th Cir. 2002). We conclude that this is such a case. "In this case there was not enough evidence to uphold a decision, but enough to find the government's position was substantially justified." *Campbell*, 736 F.3d at 869. The district court therefore did not abuse its discretion in holding that the position of the ONHIR, both before the hearing officer and in federal court, had a "reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2.

Additionally, the district court correctly considered that two of four federal judges to hear the case on the merits—the district court and a dissenting judge on appeal—agreed with ONHIR's position. *See Medina Tovar v. Zuchowski*, 41 F.4th

3

1085, 1090–91 (9th Cir. 2022) (finding relevant for EAJA purposes that "as many judges were persuaded by the government's position as were persuaded by Plaintiffs' position").  Although not dispositive on its own, that fact bolsters the district court's conclusion, on consideration of Shaw's motion for fees under EAJA, that the government's position was substantially justified.

We need not decide whether Shaw truly incurred the legal fees at issue in this case.

**AFFIRMED.**