**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIA DEL CARMEN MEDINA
TOVAR; ADRIAN JOVAN ALONSO
MARTINEZ,

*Plaintiffs-Appellants*,

v.

LAURA B. ZUCHOWSKI, Director,
Vermont Service Center, United
States Citizenship and Immigration
Services; ALEJANDRO N.
MAYORKAS, Secretary, Department
of Homeland Security; MERRICK B.
GARLAND, Attorney General,
            *Defendants-Appellees.*

No. 21-35664

D.C. No.
3:17-cv-00719-
BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 6, 2022
Portland, Oregon

Filed July 21, 2022

Before:  David M. Ebel,* William A. Fletcher, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

**SUMMARY\*\***

**Immigration/Attorneys' Fees**

In a case in which Plaintiffs previously prevailed in this court in their challenge to the denial of a petition seeking derivative U-visa status, the panel affirmed the district court's denial of Plaintiffs' application for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA").

United States Citizenship and Immigration Services denied the U-visa petition based on its regulation limiting derivative U-visa status to spouses married at the time the principal petition is filed.  Plaintiffs challenged that denial in the district court, which granted summary judgment to the government, and a three-judge panel of this court affirmed in a split decision.  However, on rehearing en banc, this court invalidated the regulation as inconsistent with the governing statute.  *Medina Tovar v. Zuchowski*, 982 F.3d 631 (9th Cir. 2020) (en banc).  Having prevailed on the merits, Plaintiffs filed an application for attorneys' fees and costs under the EAJA, but the district court denied the application because

---

* The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

\*\* This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

it determined that the government's position was substantially justified.

The panel concluded that the district court did not abuse its discretion, explaining that the factors identified by the district court provided strong support for its determination that the government's position was substantially justified. Specifically, the panel observed that the government's position was found persuasive by no fewer than six federal judges in the course of the case, and as many judges were persuaded by the government's position as were persuaded by the Plaintiffs' position. The panel explained that these circumstances supported the district court's conclusion that the government's position was not unreasonable. In the same vein, given the evident disagreement on the statutory question, with many judges agreeing with the government's position, the panel could not say the district court was out of bounds in concluding that the government's position was substantially justified. In addition, the panel concluded that the district court properly considered the fact that this case involved an issue of first impression.

### COUNSEL

Philip James Smith (argued), Nelson Smith LLP, Portland, Oregon, for Plaintiffs-Appellants.

Aaron S. Goldsmith (argued), Senior Litigation Counsel; Jeffrey S. Robins, Deputy Director; William C. Peachey, Director; Brian M. Boynton, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Defendants-Appellees.

**OPINION**

CLIFTON, Circuit Judge:

Plaintiffs Maria Medina Tovar and Adrian Alonso Martinez brought this action challenging the denial of Ms. Medina Tovar's petition seeking derivative U-visa status for her husband. United States Citizenship and Immigration Services ("USCIS") denied the petition based on its regulation limiting derivative U-visa status to spouses married at the time the principal petition is filed. On rehearing en banc, our court invalidated the regulation as inconsistent with the governing statute. *Medina Tovar v. Zuchowski*, 982 F.3d 631, 633 (9th Cir. 2020).

Having prevailed on the merits, Plaintiffs filed in the district court an application for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The district court denied the application because it determined that the government's position was substantially justified, which precludes a fee award under the EAJA. This appeal followed. Because we conclude that the district court did not abuse its discretion in so concluding, we affirm.

## I.  The Underlying Dispute

Although Plaintiffs' underlying challenge has been resolved in their favor and is no longer at issue, to put the current question into focus we start by describing that dispute and its progress through the courts.

A "U visa" is a nonimmigrant visa designed to grant legal status to a non-citizen victim of violent crime who assists law enforcement in its investigation. The requirements for a principal applicant to obtain a U visa are set forth in 8 U.S.C. § 1101(a)(15)(U)(i). A qualifying U-

visa recipient may also petition for derivative status for a qualifying spouse who is "accompanying or following to join" the U-visa holder. *Id.* § 1101(a)(15)(U)(ii). USCIS adopted a regulation interpretating and implementing the U-visa statute, providing, in relevant part, that "the relationship between the U-1 principal alien and the qualifying family member must exist at the time [the principal petition] was filed." 8 C.F.R. § 214.14(f)(4).

Plaintiffs are a married couple, both of whom are natives and citizens of Mexico. In 2004, Ms. Medina Tovar was the victim of a serious crime and assisted law enforcement with the investigation. She applied for U-visa status in 2013 by filing a principal petition with USCIS. She married the second plaintiff, Mr. Alonso Martinez, in 2015. Ms. Medina Tovar's U visa was granted soon thereafter. A few months after that, she filed a petition for derivative U-visa status for her husband. USCIS denied the petition on the basis that Plaintiffs were not married at the time the principal petition was filed, as required by the USCIS regulation.

Plaintiffs filed an action in federal court challenging the denial of their derivative petition and seeking to invalidate the regulation as inconsistent with the governing statute. The district court granted summary judgment to the government. It determined that (1) the statute did not directly address the question of when the marital relationship must exist for a derivative spouse to be eligible, and (2) the temporal component of the regulation was a reasonable interpretation and thus entitled to *Chevron* deference. *Medina Tovar v. Zuchowski*, No. 3:17-cv-00719-BR, 2017 WL 6453345, at \*4–6 (D. Or. Dec. 15, 2017); *see Chevron U.S.A., Inc. v. Nat'l Res. Def. Council*, 467 U.S. 837, 842–43 (1984).

On appeal, a three-judge panel of this court affirmed the district court's judgment in a split decision. *Medina Tovar v.*

*Zuchowski*, 950 F.3d 581 (9th Cir. 2020). The panel majority agreed that the statute was ambiguous and that the agency's reasonable interpretation was owed *Chevron* deference. *Id.* at 587–92. The majority focused its analysis of the statute on the phrase "accompanying, or following to join." *Id.* at 587. The dissent focused on the same language but concluded that the regulation's temporal requirement was contrary to the statute's plain meaning. *See id.* at 594 (Watford, J., dissenting).

On rehearing en banc, a panel of eleven judges of this court reached a different conclusion. The en banc majority reversed the judgment of the district court and invalidated the regulation insofar as it required the petitioning spouses to be married at the time the principal petition is filed rather than when it is granted. *Medina Tovar*, 982 F.3d at 633. Like the panel majority, the en banc majority opinion, joined by six judges, viewed the case as turning on the "accompanying, or following to join" language in the statute, but it concluded that the statute "clearly answer[ed] the relevant interpretive question." *Id.* at 635–37. Three judges dissented, largely adopting the reasoning of the district court and three-judge panel majority. *See id.* at 644–48 (Callahan, J., dissenting). Two judges concurred in the judgment, but for reasons different from those expressed in the majority opinion.[1] *See id.* at 637–44 (Collins, J., concurring).

---

[1] The concurrence rested its analysis not on the "accompanying, or following to join" language, but instead on other "unique wording of § 101(a)(15)(U)." *Medina Tovar*, 982 F.3d at 639 (Collins, J., concurring).

## II. The Current Claim for Attorneys' Fees

The EAJA provides, subject to exceptions not relevant here, that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The district court here denied Plaintiffs' application for attorneys' fees and costs under the EAJA because it concluded that the government's position at the agency level and in the courts was substantially justified.

We review the district court's denial of fees under EAJA for abuse of discretion. *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005). "A district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible or without support in inferences that may be drawn from the facts in the record." *Meier v. Colvin*, 727 F.3d 867, 869–70 (9th Cir. 2013). "Abuse of discretion is a highly deferential standard, under which the appellate court cannot substitute its view of what constitutes substantial justification for that of the district court; rather, the review is limited to assuring that the district court's determination has a basis in reason." *Free Speech Coal.*, 408 F.3d at 618 (citation and internal quotation marks omitted).

It is undisputed that Plaintiffs here are the prevailing parties in a civil action brought against the United States. The question before us, then, is limited to whether the district court abused its discretion in finding the government's

position substantially justified.[2] Because this case posed a novel legal question of statutory interpretation, as to which many judges reached conflicting conclusions, and ultimately resulted in this court rehearing the matter en banc, we conclude that the district court did not abuse its discretion.

It is the government's burden to show that its position was substantially justified. *Gutierrez v. Barnhart,* 274 F.3d 1255, 1258 (9th Cir. 2001). "In this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995). "Substantially justified" means "justified to a degree that could satisfy a reasonable person." *Meier*, 727 F.3d at 870 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). "The government's position is not substantially justified simply because our precedents have not squarely foreclosed the position." *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017). Rather, "the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Pierce*, 487 U.S. at 565).

For purposes of evaluating the government's position, "[t]he 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier*, 727 F.3d at 870; *see also* 28 U.S.C. § 2412(d)(2)(D). We examine "the position on the merits" and consider any "extraneous

---

[2] On appeal, Plaintiffs also argue that special circumstances would not make an EAJA award unjust. Because we ultimately conclude that the district court did not abuse its discretion in finding that the government's position was substantially justified, we need not decide whether special circumstances exist.

circumstances bearing upon the reasonableness of the government's decision." *Or. Nat. Res. Council v. Madigan*, 980 F.2d 1330, 1331–32 (9th Cir. 1992) (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

"On the merits, we are bound by the previous panel's holding and rationale . . . ." *Id.* at 1332. On rehearing en banc, we held that the temporal limitation imposed by the regulation was inconsistent with the statutory language. The contrary position advocated by the government was that the language of the governing statute permitted it to limit derivative U visas to couples who were married when the principal petition was filed.[3] That our court did not adopt the government's argument does not necessarily mean that the argument was unjustified. *See United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002) ("[T]he government's failure to prevail does not raise a presumption that its position was not substantially justified." (citation and

---

[3] The parties have dedicated much of their briefs and oral arguments to squabbling over what particular agency "action" is subject to review. Plaintiffs contend that we must review the government's rationale in promulgating the regulation, while the government argues that it is the specific denial of Plaintiffs' derivative U-visa petition that matters. This disagreement is a red herring. Either way, the government's position has been the same "at each stage" of the proceedings, *see Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998)—that the statutory language authorized it to impose the temporal requirement.

We are not persuaded by Plaintiffs' argument that, to meet its burden, the government must provide evidence establishing the agency's rationale for promulgating the regulation. Plaintiffs did not frame their case as a challenge to the agency's rulemaking process; they chose instead to frame their case as a challenge to the substance of the regulation. *See United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002) ("[T]he scope of the underlying action that the court is to review in assessing substantial justification extends only as far as the prevailing party's challenge itself.").

internal quotation marks omitted)); *e.g.*, *Kali*, 854 F.2d at 334–35 (affirming district court's finding of substantial justification even though the government "lost the case on the merits").

In assessing whether the government's position was substantially justified, we also consider any "extraneous circumstances bearing upon the reasonableness of the government's decision." *Madigan*, 980 F.2d at 1331–32 (quoting *Kali*, 854 F.2d at 332). Extraneous circumstances can include "relevant legal or factual precedents." *Id.* A "string of losses" or a "string of successes" can also be an objective indicator of reasonableness. *Pierce*, 487 U.S. at 569; *see also Free Speech Coal.*, 408 F.3d at 619. That said, "that the district court initially agreed with the government's position is not 'conclusive as to whether or not the government was reasonable.'" *Marolf*, 277 F.3d at 1162 (quoting *United States v. Real Prop. Known as 22249 Dolorosa St.*, 190 F.3d 977, 982 (9th Cir. 1999)). Similarly, disagreement between judges on the merits of a case is not dispositive. *Madigan*, 980 F.2d at 1332.

The district court here identified several reasons for concluding that the government's position was substantially justified. It noted that the government prevailed at the district court and initially on appeal; highlighted the disagreement among the district, three-judge panel, and en banc panel judges; and observed that this case "involved a novel legal issue that had not been addressed specifically by any other court." These factors provide strong support for the district court's determination that the government's position was substantially justified and lead us to conclude that the district court did not abuse its discretion.

The government's position persuaded both the district court and a majority of the three-judge panel of this court

that first heard the case on appeal. It was also adopted by three more of our judges who dissented from the en banc majority decision. In other words, the government's position was found persuasive by no fewer than six federal judges: the district court, two judges on the majority panel, and three dissenting judges on the en banc panel. *See Perez v. Jaddou*, 31 F.4th 267, 271–72 (4th Cir. 2022) ("[I]t is certainly more likely in these circumstances—where no fewer than seven federal judges agreed with the government—that the position of the United States was substantially justified."). Indeed, as many judges were persuaded by the government's position as were persuaded by Plaintiffs' position.[4] These circumstances support the district court's conclusion that the government's position was not unreasonable.

In the same vein, judges disagreed about the proper reading of the statute. The district judge held for the government. The initial appellate panel decision was split, two to one. The en banc decision resulted in three separate opinions. Given the evident disagreement on the statutory question, with many judges agreeing with the government's position, we cannot say the district court was out of bounds in concluding that the government's position was justified. *See Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1231 (9th Cir. 1990) (disagreement within a panel regarding the merits of the government's appeal suggests a finding of substantial justification); *Free Speech Coal.*, 408 F.3d at 619 (a split decision can serve "as an indicator of the reasonableness of the government's position").

---

[4] Six judges joined the majority en banc opinion. This includes Judge Watford, who sat on both the three-judge panel, where he dissented, and the en banc panel, where he joined the majority.

In addition, the district court properly considered the fact that this case involved an issue of first impression. *See Perez*, 31 F.4th at 271 ("[I]t matters that [the movant]'s case presented a novel question."); *see Stebco, Inc. v. United States,* 939 F.2d 686, 687–88 (9th Cir. 1990) (denying EAJA fees for litigation of a statutory-interpretation question of first impression). It is true, as we observed in *Gutierrez*, 274 F.3d at 1261, that "there is no per se rule that EAJA fees cannot be awarded where the government's litigation position contains an issue of first impression," but the district court appropriately gave weight to that context. Because the interpretive question was one of first impression and appeared close, the district court did not abuse its discretion in concluding that the government's position was reasonable. *Compare TKB Int'l., Inc. v. United States,* 995 F.2d 1460, 1468 (9th Cir. 1993) (position was substantially justified in part because the case presented "a close question of law"), *with Madigan*, 980 F.2d at 1332 (position was not substantially justified because government "lost on an issue of statutory interpretation that the previous [unanimous] panel did not consider close").

## III.    Conclusion

Because we conclude that the district court did not abuse its discretion in denying Plaintiffs' application for attorneys' fees under the EAJA, we affirm the district court's decision.

**AFFIRMED.**