

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NEIGHBORS AGAINST BISON
SLAUGHTER; BONNIE LYNN,

        Plaintiffs-Appellants,

v.

NATIONAL PARK SERVICE; et al.,

        Defendants-Appellees.

No.   22-35955

D.C. No. 1:19-cv-00128-SPW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted November 15, 2023
San Francisco, California

Before:  S.R. THOMAS and MENDOZA, Circuit Judges, and OLIVER,[**] District
Judge.

Plaintiffs-Appellants Bonnie Lynn and Neighbors Against Bison Slaughter

(together, "Neighbors") appeal from the district court's order denying attorney's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Solomon Oliver, Jr., Senior United States District
Judge for the Northern District of Ohio, sitting by designation.

fees. We have jurisdiction to review orders denying motions for attorney's fees under 28 U.S.C. § 1291, and we affirm the judgment of the district court. Because the parties are familiar with the facts and procedural history, we need not recount it here.

I

"We review the district court's denial of fees under [the Equal Access to Justice Act ("EAJA")] for abuse of discretion." *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022). A district court's finding as to whether the government's position is substantially justified is reviewed for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 557–63 (1988). And the Supreme Court has instructed that the district court's conclusion is entitled to deference on appeal. *Id.* at 560.

"Under EAJA, a litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005); *see also* 28 U.S.C. § 2412(d)(1)(B). Because we conclude that the district court did not abuse its discretion in concluding that the government's position was substantially justified, "we need not decide whether [Neighbors] was

2

a prevailing party" nor whether their requested fees are reasonable. *Meza-Vazquez v. Garland*, 993 F.3d 726, 731 (9th Cir. 2021).

II

The district court did not abuse its discretion in finding the government's position substantially justified. "Substantially justified" does not mean "justified to a high degree." *Pierce*, 487 U.S. at 565. Rather, it means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id.* (citations omitted); *see also Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir.1995) ("In this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA.").

In assessing reasonableness, a court can consider its own view of the "actual merits," previous decisions in the case, and the views of other courts to determine if the government's position has "reasonable basis both in law and fact." *Id.* at 568–71. First, the district court relied on its previous decisions, noting that it had "neither found nor did the Government admit to a violation of clearly established law that it needed to remedy on remand." Although the district court did not resolve the merits of Plaintiffs' claims, Plaintiffs did not prevail on their motions for a temporary restraining order and for a preliminary injunction. And although Plaintiffs supported remand, they requested vacatur of the agency decision, which

3

the district court declined. In issuing the order to remand without vacatur, the district court was required to assess "how serious the agency's errors [were]." *California Communities Against Toxics v. US EPA*, 688 F.3d 989, 992 (9th Cir. 2012). Second, the court analyzed decisions in five other cases upholding the government's management of the Yellowstone bison herd. In so doing, the district court properly considered the government's "string of successes" defending its bison management practices. *Pierce*, 486 U.S. at 569.

That the Park Service moved to voluntarily remand this case does not alter the analysis. When the government requests a voluntary remand, the court should assess the "likely reason behind the voluntary remand in question" to determine whether the government was substantially justified. *Li*, 505 F.3d at 919. If the agency seeks a remand to reevaluate its prior actions "due to a misapplication of, or failure to apply, controlling law," then the agency's decision would not be substantially justified. *Id.* Because the district court found no legal error to be remedied, and because the district court found that the government did not admit to a violation of clearly established law, it did not err in finding the government's position substantially justified. *Id.* We also note that Plaintiffs appealed the remand order because it did not impose a deadline for completion of the environmental impact statement, but we affirmed the district court's remand order.

4

*Neighbors Against Bison Slaughter v. National Park Service*, 2022 WL 1315302, at *1 (9th Cir. 2022).

Having concluded that the district court did not abuse its discretion in concluding that the government's position was substantially justified, we need not—and do not—decide whether Plaintiffs were prevailing parties, nor do we resolve any other issue urged by the parties.

**AFFIRMED.**