**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 23 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH R. MARIDON Sr.,

           Petitioner,

  v.

FEDERAL AVIATION
ADMINISTRATION,

           Respondent.

No. 23-1047

FAA No. 2020-0949

MEMORANDUM*

On Petition for Review of an Order of the
Federal Aviation Administration

Submitted August 20, 2024**
Portland, Oregon

Before: CHRISTEN and NGUYEN, Circuit Judges, and EZRA, District Judge.***

Joseph Maridon petitions for review of an order issued by the Federal

Aviation Administration's (FAA) chief administrative judge (CAJ) reversing an

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      ***   The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

administrative law judge's (ALJ) order awarding Maridon attorneys' fees and costs after the ALJ dismissed the enforcement action the FAA brought against him. We assume the parties' familiarity with the facts and recite them only as necessary. We have jurisdiction pursuant to 5 U.S.C. § 504(c)(2), and we review the agency's fee decision for substantial evidence. *Id.*; *see also Blaylock Elec. v. NLRB*, 121 F.3d 1230, 1233 (9th Cir. 1997). We deny the petition.

A private party who prevails in an agency adjudication is entitled to attorney's fees unless the agency was "substantially justified" in its position. 5 U.S.C. § 504(a)(1). The agency bears the burden to show that its position was substantially justified, which requires the agency to "prove that its position had a reasonable basis in both fact and law." *Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996). "The agency's 'position' refers to the agency's decision to initiate the underlying action, as well as the agency's subsequent litigation positions." *Id.*

Substantial evidence supports the CAJ's decision to reverse the ALJ's fee award on the ground that the FAA's position was substantially justified. Maridon argues that the agency was not substantially justified in its decision to initiate an enforcement action against him after he parked his truck in a taxi lane at the North Las Vegas Airport to prevent an aircraft from taxiing. Maridon contends that 14 C.F.R. § 91.11, which states that "[n]o person may . . . interfere with a

crewmember in the performance of the crewmember's duties aboard an aircraft being operated," does not apply to persons who are not aboard an aircraft.  The record supports the CAJ's conclusion that the agency had a reasonable legal basis for its contrary interpretation of § 91.11 and a reasonable factual basis to charge Maridon under that section.  *See Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (holding that the district court did not err by finding the government's position substantially justified where the "case posed a novel legal question of statutory interpretation").

We reject Maridon's unsupported argument that the FAA's position was not substantially justified because it lacked jurisdiction over the taxi lane he blocked.  Congress broadly tasked the FAA with "maintaining[] and enhancing safety and security . . . in air commerce," 49 U.S.C. § 40101(d)(1), which includes regulation of actions that are "preparatory to flight."  *Daily v. Bond*, 623 F.2d 624, 626 (9th Cir. 1980) (per curiam).  Maridon's remaining arguments based on estoppel, law-of-the-case doctrine, and *Auer* deference are similarly misplaced.  Because we conclude that substantial evidence supported the CAJ's fee decision, we do not reach Maridon's arguments concerning the appropriate hourly rate.

**PETITION DENIED.**