**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROSE NIELSEN, | No. 25-4270 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-00218-TOR |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted April 16, 2026[**]

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.
Dissent by Judge R. NELSON.

Rose Nielsen appeals the district court's denial of her motion for attorney's

fees under the Equal Access to Justice Act ("EAJA").

We previously reversed the district court's decision upholding the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative law judge's ("ALJ") denial of benefits and remanded to the agency for further proceedings. *Nielsen v. Colvin*, No. 23-35619, 2024 WL 5200174 (9th Cir. Dec. 23, 2024). Nielsen then moved in the district court for EAJA fees, which the court denied. The district court reasoned that the government's position had been "substantially justified," foreclosing a fee award, because "other judges examining the same issues came to the opposite conclusion" from the panel majority, "including the ALJ, this [District] Court, and [dissenting] Ninth Circuit Judge Nelson." *Rose N. v. Bisignano*, No. 22-cv-218, 2025 WL 1912442, at *1 (E.D. Wash. July 1, 2025) (citations omitted). The district court concluded that such disagreement between jurists meant "reasonable minds could differ with respect to the record," and denied the fees on that basis alone. *Id.* at *2.

We review a denial of EAJA fees for abuse of discretion. *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017). A district court abuses its discretion when it fails to apply or misapplies the correct legal standard. *Meier v. Colvin*, 727 F.3d 867, 869–70 (9th Cir. 2013). For the following reasons, we reverse and remand.

1.      Under EAJA, a prevailing plaintiff in a Social Security suit is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28

U.S.C. § 2412(d)(1)(A).[1] The "position of the United States" includes both the government's litigation position and the underlying agency decision that was challenged—here, the ALJ's decision denying Nielsen disability benefits. *Id.* § 2412(d)(2)(D); *Meier*, 727 F.3d at 872. Because we previously remanded Nielsen's case to the agency based on the merits, the EAJA analysis focuses on the government's "position with respect to the issue[s] on which [we] based [our] remand." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995). The government bears the burden to establish that its position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

By treating as dispositive the fact that several judges—himself, the ALJ, and the dissenting panel member—had agreed with the government's position, the district court misapplied the legal standard in two ways.

First, the district court should not have considered the ALJ's perspective a "differing opinion[]" in support of its conclusion that "reasonable minds could differ" as to the merits. The ALJ's decision could not have been probative of the reasonableness of the government's position because it *was* the underlying

---

[1] The government does not dispute that Nielsen is a "prevailing party" under EAJA. 28 U.S.C. § 2412(d)(1)(A); *see Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (holding that a Social Security plaintiff who wins a remand on the merits is a prevailing party under EAJA). Nor does the government contend that any "special circumstances make an award unjust" here. 28 U.S.C. § 2412(d)(1)(A).

government position. *Meier*, 727 F.3d at 870–72.

Second, the district court erred by basing its substantial justification determination solely on disagreement between judges. "[A] split [panel] decision" is one "indicator of the reasonableness of the government's position," *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 619 (9th Cir. 2005), but "disagreement between judges on the merits of a case is not dispositive," *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1090 (9th Cir. 2022) (citing *Or. Nat. Res. Council v. Madigan*, 980 F.2d 1330, 1332 (9th Cir. 1992)). The district court should have also considered the reasonableness of the agency's "position on the merits," bound by "the . . . panel's [merits] holding and rationale." *Madigan*, 980 F.2d at 1332.

The district court did not do so. Accordingly, the district court abused its discretion by incorrectly applying the substantial justification standard.

2.    The government's positions on the issues on which we remanded were not substantially justified. Given the "significant similarity" between EAJA's substantial justification standard and the substantial evidence standard we apply when reviewing an ALJ's denial of benefits, "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Benally v. U.S. Off. of Navajo & Hopi Indian Relocation*, 154 F.4th 630, 639 (9th Cir. 2025) (citation modified). We held on the merits that

the ALJ's rejection of several medical opinions and of Nielsen's psychological symptom testimony was not supported by substantial evidence. *Nielsen*, 2024 WL 5200174, at *1, *3. Our "holding that the agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified." *Benally*, 154 F.4th at 639 (citation modified) (quoting *Meier*, 727 F.3d at 872).

Additionally, the government cannot show substantial justification where it only "reasserts its position on the merits, and supplies nothing new to justify its position." *Madigan*, 980 F.2d at 1332. Nor was the basis for our remand disagreement over how to interpret ambiguous evidence. *See Campbell v. Astrue*, 736 F.3d 867, 868–69 (9th Cir. 2013). Rather, we remanded because the ALJ rejected multiple medical opinions and key portions of Nielsen's testimony while mischaracterizing the basis for Nielsen's claim and without acknowledging significant amounts of contrary evidence. *Nielsen*, 2024 WL 5200174, at *1–3. We have repeatedly held that the government's position is not substantially justified where the agency does not provide "specific and legitimate reasons, supported by substantial evidence, for rejecting" such evidence. *Meier*, 727 F.3d at 872; *see, e.g., Sampson v. Chater*, 103 F.3d 918, 921–22 (9th Cir. 1996); *Flores*, 49 F.3d at 570–71; *Gardner v. Berryhill*, 856 F.3d 652, 657 (9th Cir. 2017); *see also Benally*, 154 F.4th at 639.

Because the ALJ's decision was not substantially justified, we need not consider the reasonableness of the government's litigation position. *See Meier*, 727 F.3d at 872.

3.      The district court did not consider whether the fees sought by Nielsen are reasonable. Accordingly, we remand for the district court to make that determination in the first instance. *See, e.g.*, *Gardner*, 856 F.3d at 659.

**REVERSED and REMANDED.**

*Nielsen v. Bisignano*, No. 25-4270
R. Nelson, Circuit Judge, dissenting:

In my view, the district court did not abuse its discretion in denying Plaintiff's request for attorneys' fees under the Equal Access to Justice Act (EAJA). The district court denied EAJA fees based on a disagreement among jurists in the merits disposition, as permitted under Supreme Court precedent. Further, the government's position on the merits disposition was based on a differing interpretation of the evidence, highlighted by the fact our prior panel decision split over that very factual issue. For both reasons, I respectfully dissent.

1. The district court's reliance on disagreement among jurists in the merits disposition (including citation to the ALJ's decision) was not an abuse of discretion. The district court determined that the government's position was substantially justified, which includes the government's litigation position and the "agency [action] upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). This is the district court's determination to make. *Pierce v. Underwood*, 487 U.S. 552, 559 (1988). The deference allotted to the district court's decision is substantial. *See Meinhold v. U.S. Dep't of Def.*, 123 F.3d 1275, 1278 (9th Cir. 1997) ("We may reverse only if the district court based its decision that the [agency] was not substantially justified on an erroneous conclusion of law or when the record contains no evidence on which it rationally could have based that decision.") (cleaned up).

1                                                          25-4270

The majority nevertheless reverses based on an unnatural reading of the district court's decision. *See* Maj. Op. at 3–4. The district court did not base its determination solely on the disagreement among judges. Rather, it found that a "reasonable person could think" the government's position was correct. *See Pierce*, 487 U.S. at 566 n.2. The district court did not rely on the mere fact that four Article III judges and an ALJ disagreed as to the merits of the government's position; instead, the district court reasoned that the disagreeing jurists demonstrated how reasonable people could have found the position "well supported and demonstrated by the record." *Rose N. v. Bisignano*, 2025 WL 1912442, at *1–2 (E.D. Wash. July 1, 2025).

For example, the district court recognized that one member of the merits panel "found that the ALJ's decision to discount certain medical experts was supported by substantial evidence, and the failure to discuss Dr. Harmon's opinion separately was harmless." *Id.* This examination of the prior appeal was not an abuse of discretion. *See Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (en banc) ("[D]isagreement among the district, three-judge panel, and en banc panel judges . . . . provide[s] strong support for the district court's determination that the government's position was substantially justified."). The district court did not rely on this disagreement alone but determined that the disagreement was reasonable and therefore substantially justified.

2. The majority also errs in its analysis of the substantial evidence standard. The majority wrongly applies what functionally amounts to a per se rule and holds that almost every merits reversal based on substantial evidence indicates the government's position was not substantially justified. To be sure, our precedent has conflated the substantially justified standard with the substantial evidence standard. *See, e.g.*, *Benally v. U.S. Off. Of Navajo & Hopi Indian Relocation*, 154 F.4th 630, 639 (9th Cir. 2025) (citing *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013)). But "this circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorneys' fees." *Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013) (emphasis in original). Nor could we. The Supreme Court has established that the government may lose on the merits while advancing a position that is substantially justified. *Pierce*, 487 U.S. at 560–61. That is why we must consider the entire governmental action and litigation position, not just the ALJ's merits decision. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1168 (9th Cir. 2019).

Rather than apply this standard, the majority assumes the government's position was not substantially justified unless it can show a *new* justification for the ALJ's decision to reject ambiguous evidence. Maj. Op. at 5. The majority errs both in assuming the government's position was unreasonable and in placing a hindsight burden on the government.

3                                        25-4270

First, the government's credible argument to exclude evidence reveals why we reject per se rules. Two facts are constant: Judges and lawyers are not physicians, and medical evidence is often ambiguous to the untrained eye. Thus, the government's decision to exclude some medical opinions is not necessarily unreasonable. *See Decker v. Berryhill*, 856 F.3d 659, 665 (9th Cir. 2017) ("Decker's new evidence, though sufficient in the end to persuade the district court to remand the case, did not make that the only reasonable result."); *see also Campbell*, 736 F.3d at 869. Contrary to the majority's assertion, our merits disagreement was over precisely this type of ambiguity.

This is confirmed with a review of the merits disposition. True, we "remanded because the ALJ rejected multiple medical opinions and key portions of Nielsen's testimony." Maj. Op. at 5. But substantial evidence arguably supported the ALJ's decision to exclude those opinions. The ALJ cited medical records based on Nielsen's own representations and inconsistencies with her testimony and other record evidence. *Nielsen*, 2024 WL 5200174, at *3–4 (R. Nelson, J., dissenting). While the majority concluded that the government's ultimate agency action was unsupported by substantial evidence, *id.* at *3 (majority opinion), the government's initial position without the medical opinions and testimony was not unreasonable at the time it took that stance, *id.* at *3–4 (R. Nelson, J., dissenting). The decision to exclude that evidence was based on the type of "circumstantial evidence" and

4                                                                    25-4270

"justified doubts" which can be wrong yet plausibly supported by substantial evidence. *Campbell*, 736 F.3d at 868. Such a position may lack substantial evidence and still be substantially justified.

Second, the majority forces the government to defend its position in the harsh light of hindsight. But courts "must avoid placing too much weight on the government's ultimate loss in hindsight, and instead assess the reasonableness of the government's position at the time of the litigation." *Su v. Bowers*, 89 F.4th 1169, 1176 (9th Cir. 2024) (cleaned up). The majority points to no reason why the government's reliance on its prior interpretation of the record was so unreasonable that it was not substantially justified. The majority claims it need not do so, because it found the ALJ failed to acknowledge contrary evidence. Maj. Op. at 5–6. But our merits disposition did not conclude that the ALJ failed to provide sufficient reasons for finding the testimony and medical opinions inconsistent—it held the ALJ wrongly *rejected* those opinions. *Compare Meier*, 727 F.3d at 872, *with Nielsen*, 2024 WL 5200174, at *1 (majority opinion). Whether the ALJ's decision to exclude the opinions was "one rational interpretation" of the evidence, *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004), is a close question over which a reasonable jurist could disagree, *Nielsen*, 2024 WL 5200174, at *3–4 (R. Nelson, J., dissenting). The majority errs by forcing the government to defend its position while considering evidence it had good-faith arguments to exclude.

When the government took its underlying position, it had a reasonable argument that its interpretation of the record was supported by substantial evidence. That argument was based on ambiguous medical evidence, and thus not unreasonable enough to lack substantial justification. *Medina Tovar*, 41 F.4th at 1090. The majority's contrary holding in effect imposes a per se standard we have never adopted.

For these reasons, I respectfully dissent.